IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES H. BOND, | ) | No. CV-F-05-1339 REC SMS |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | DEFAULT JUDGMENT, (2) |
| | ) | GRANTING THE UNITED STATES' |
| MARK W. EVERSON and LAUREL SMITH, | ) | MOTION TO DISMISS, AND (3) DIRECTING THE CLERK TO |
| | ) | ENTER JUDGMENT FOR |
| Defendants. | ) | DEFENDANTS. |
| | ) | |
| | ) | (Docs. 9 & 12) |

On February 27, 2006, the Court heard Plaintiff Charles H. Bond's Motion for Default Judgment and the United States' Motion to Dismiss. Upon due consideration of the written and oral arguments of the parties and the record herein, the Court DENIES Plaintiff's Motion for Default Judgment and GRANTS the United States' Motion to Dismiss, as set forth herein.

**I.  Background**

The facts, as alleged in the Complaint, are as follows. Plaintiff filed a personal income tax return for the year 2001 in the name of the "CHARLES H. BOND TRUST." Compl. Ex. A at 1. He

1

1  claimed a total trust income of $72,651 from which he deducted
2  fiduciary fees of $72,223, reporting a taxable income of $428.
3  Id.
4      On October 29, 2002, the Internal Revenue Service (IRS) sent
5  Plaintiff a notice that he would receive a refund of $7188.80.
6  On February 27, 2004, the IRS sent Plaintiff a "Notice of
7  Deficiency" for the 2001 tax year.  Compl. Ex. C.  Enclosed with
8  the notice was a Substitute for Return ("SFR") that the IRS had
9  prepared for Plaintiff.  Id.  Thomas D. Mathews of the IRS's
10 Ogden Service Center prepared the SFR on behalf of Defendant Mark
11 Everson, Commissioner of the IRS.  According to the SFR
12 Plaintiff's corrected taxable income was actually $57,412,
13 meaning that he was not entitled to a refund but rather owed a
14 deficiency of $7,220, plus penalties.  See id.
15     Plaintiff objected to the filing of the SFR and requested a
16 due process hearing.  On June 28, 2005, Plaintiff received a
17 notice of a Collection Due Process hearing.  The hearing
18 eventually took place by telephone on October 5, 2005.  Defendant
19 Laurel Smith, a Settlement Officer with the IRS, conducted the
20 hearing.  Plaintiff alleged in his appeal that the IRS lacked the
21 authority to file a return on his behalf, that the IRS failed to
22 respond properly to his objections to its actions, and that he
23 was denied due process of law.  During the hearing, Defendant
24 Smith determined that the IRS followed proper procedure and that
25 Internal Revenue Code section 6020(b) ("Section 6020(b)")
26 authorized the IRS to file a return on Plaintiff's behalf.  See

26 U.S.C. § 6020. Plaintiff claims that the IRS had the burden to demonstrate that his 2001 return was false or fraudulent and failed to meet that burden.

On October 24, 2005, Plaintiff filed this lawsuit, alleging that Defendants infringed his due process rights by issuing the SFR and deciding that issuing the SFR was proper and that Defendants' actions violated the separation of powers doctrine. On December 12, 2005, Plaintiff filed his Motion for Default Judgment. On January 11, 2006, the United States, on behalf of Defendants, filed its Opposition to the Motion for Default Judgment. On the same day, the United States also filed its Motion to Dismiss. On January 20, 2006, Plaintiff filed its Reply in support of the Motion for Default Judgment. On February 17, 2006, Plaintiff filed his Opposition to the Motion to Dismiss.

**II.  Plaintiff's Motion for Default Judgment**

Plaintiff claims that he is entitled to default judgment because Defendants failed to respond to the Complaint in a timely manner. Under Federal Rule of Civil Procedure 12(a)(3),[1]

---

[1] Federal Rule of Civil Procedure 12 reads, in relevant part, as follows:

> (3) (A) The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim — or a reply to a counterclaim — within 60 days after the United States attorney is served with the pleading asserting the claim.

3

officers or employees of the United States have 60 days to answer a complaint or cross claim when sued in their official capacity or for acts or omissions connected to their duties. Fed. R. Civ. P. 12(a)(3)(A), 12(a)(3)(B). If the suit is against the officer or employee in his official capacity, the 60 days begins when the United States attorney is served. Fed. R. Civ. P. 12(a)(3)(A). If the suit is against the officer or employee in his individual capacity "for acts or omissions occurring in connection with the performance of duties on behalf of the United States," the 60 days begins when the officer or employee is served or the United States attorney is served, whichever occurs later. Fed. R. Civ. P. 12(a)(3)(A).

Plaintiff does not claim to have served, nor does he provide proof that he has served, the United States Attorney for the Eastern District of California, or any other United States Attorney. See Pl.'s Mot. for Default ¶¶ 3-4, Exs. B, C & D; Fed. R. Civ. P. 4(i)(1)(A), 4(i)(2)(B). Plaintiff waives any claims related to Defendants' actions in their official capacity. Pl.'s Reply in Supp. of Mot. for Default 3:6-8. Therefore, if Plaintiff's suit is against Defendants solely for duty-related

---

> (B) An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim — or a reply to a counterclaim — within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later.

4

acts or omissions, then under Rule 12(a)(3)(A) the 60 days allowed to answer the complaint has not yet begun to run.

The Complaint alleges that Defendants violated Plaintiff's rights under the Fifth Amendment and the doctrine of separation of powers of the United States Constitution.  Specifically, the Plaintiff alleges that Defendant Everson "executed an SFR (Substitute For Return)" on behalf of Plaintiff without his consent.  Compl. ¶ 14.  This action is connected to Mr. Everson's duties as Commissioner of the IRS, which Plaintiff alleges are "to administer and supervise the execution and application of the internal revenue laws."  Compl. ¶ 12.

Plaintiff alleges that Defendant Smith violated his constitutional rights when she determined that the "IRS did follow proper procedure" when it executed the SFR.  Compl. ¶ 17.  This conduct falls squarely within the scope of Defendant Smith's duties.  According to the Complaint, Ms. Smith's duties as "Appeals Officer" are to hold "'collection due process hearings' for the Internal Revenue Service Appeals Department located at the Fresno Campus Appeals Office."  Compl. ¶ 12.

Furthermore, Plaintiff alleges that "[a]t all times mentioned herein, Defendants the 'Commissioner' and the 'Appeals Officer,' acted under color of their authority as such . . ."  Compl. ¶ 8.  With that language, Plaintiff concedes that all of Defendants' alleged misconduct is "in connection with" their official duties, triggering the service requirements of Rule 12(a)(3)(A).

5

The Court finds that because Plaintiff has not yet properly served Defendants, the 60 day period that the Federal Rules allow Defendants to answer Plaintiff's Complaint has not yet commenced. Accordingly, Plaintiff's Motion for Default Judgment is DENIED.

**II.  United States' Motion to Dismiss**

    **A.  Insufficiency of Service of Process**

The United States argues that the Complaint should be dismissed because Plaintiff has failed to serve Defendants properly under Rule 4 of the Federal Rules of Civil Procedure. Where United States officers or employees are "sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States," service must comply with the requirements of Rule 4(i)(1).[2]  Fed.

---

[2] Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service "shall be effected"

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a

6

1 R. Civ. P. 4(i)(2)(B).  Rule 4(i)(1) requires delivery of a copy
2 of the summons and complaint to the United States attorney's
3 office for the district in which the action is filed, to the
4 Attorney General of the United States, and to any officer or
5 agency whose order the complaint attacks that is not a party.
6        As the Court held above, Defendants are sued only for
7 actions in connection with their duties as employees of the
8 United States.  See, e.g., Compl. ¶ 8.  Plaintiff has failed to
9 serve both the United States Attorney for the Eastern District of
10 California and the Attorney General of the United States.  See
11 Pl.'s Mot. for Default ¶¶ 3-4, Exs. B, C & D.  Thus, Plaintiff
12 has failed to properly serve Defendants under Rule 4(i)(2)(A).
13       Where it appears that a plaintiff can effectively serve the
14 defendant and defendant will not suffer prejudice, courts should
15 quash the service rather than dismiss the action.  William W.
16 Schwarzer et al., California Practice Guide:  Federal Civil
17 Procedure Before Trial § 9:154 (2005); see Hill v. Sands, 403 F.
18 Supp. 1368, 1370 (N.D. Ill. 1975).  The United States does not
19 contend that Plaintiff will ultimately be unable to properly
20 serve Defendants.  Nor does it contend that Defendants would
21 suffer prejudice should Plaintiff properly serve Defendants
22 later.  Furthermore, the Federal Rules require a court to "allow
23 a reasonable time to serve process" to cure a failure to serve

---

copy of the summons and of the complaint by
registered or certified mail to the officer or
agency.

7

the United States in an action against an officer or employee sued in an individual capacity.  Fed. R. Civ. P. 4(i)(3)(B).

Accordingly, the United States' motion to dismiss for insufficient service of process is DENIED.

### B.   Failure to State a Claim

Plaintiff's failure to properly serve Defendants does not preclude the Court from reaching the merits of the United States' motion to dismiss the Complaint for failure to state a claim. Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1989) (holding that district court did not err in dismissing claims against individual IRS employees based on defects in service of process and based on failure to state a claim).

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is

8

a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims.  <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), <u>cert. denied</u>, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).

**1.   Declaratory and Injunctive Relief**

Presumably because of concerns about sovereign immunity, Plaintiff concedes that he "did not and could not have sued the 'United States.'"  Pl.'s Reply in Supp. of Mot. for Default 2:20-22.  He also "waives any claim or challenge as to Defendants acting in their 'official capacity.'"  Pl.'s Reply in Supp. of Mot. for Default 3:6-8.  Plaintiff reiterated at oral argument that he is not suing the United States or suing Defendants in their official capacities.

The only claims that Plaintiff does not concede are against Defendants in their individual capacities.  Merely naming individual federal officers and employees does not establish an individual capacity claim where the relief sought is not damages against the individual defendants but an order against the sovereign.  <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 688-89 (1949) (holding that request for declaratory and injunctive relief against the government based on the actions of individual defendants was an action against the United States).

9

1  An action is against the government "if the judgment sought would
2  expend itself on the public treasury or domain, or interfere with
3  the public administration, or if the effect of the judgment would
4  be to restrain the Government from acting, or to compel it to
5  act." Dugan v. Rank, 372 U.S. 609, 620, 83 S. Ct. 999, 10 L. Ed.
6  2d 15 (1963).

7  Plaintiff seeks an order that the IRS improperly decided
8  that Section 6020 authorized the Secretary to file an SFR for
9  Plaintiff.  He also seeks the Court's declaratory judgment that
10 Section 6020 is unconstitutional.  Any order affecting
11 Plaintiff's tax liability would "expend itself on the public
12 treasury" and therefore be an order against the United States.
13 See Dugan, 372 U.S. at 620.  Any order that the IRS modify its
14 procedure, either generally or with respect to Plaintiff only,
15 would "interfere with the public administration." See id.  This
16 relief could not be obtained through a claim against Defendants
17 in their individual capacities.  Accordingly, by conceding any
18 claims against the United States, Plaintiff cannot prevail on any
19 claim that would result in declaratory or injunctive relief
20 binding on the United States.

21 **2.   Claims for Damages under Bivens**

22 It appears that the only remaining claims Plaintiff makes
23 are claims that Defendants are liable in their individual
24 capacities for the alleged constitutional violations under Bivens
25 v. Six Unknown Named Agents of the Federal Bureau of Narcotics,
26 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Plaintiff

states in his Opposition, however, that "Plaintiff has not brought a '***Bivens***' action to this Court against anyone." Pl.'s Opp'n to Mot. to Dismiss 5:19-21 (emphasis in original). Plaintiff cites in support of the individual capacity claims Gilbert v. Da Grossa, 756 F.2d 1455 (9th Cir. 1985). Gilbert, however, does not set forth a basis for individual capacity liability. Id. at 1459. Rather, the Ninth Circuit merely held in that case that when the plaintiff brings a meritorious suit against a federal employee in an individual capacity, such as under Bivens, sovereign immunity does not operate as a bar. Id. Plaintiff does not point to any basis other than Bivens, and the Court is aware of none, for individual capacity liability of Defendants for constitutional violations.

In Bivens, the Supreme Court recognized a cause of action for damages against "a federal agent acting under color of his authority." Id. at 389. The Ninth Circuit has addressed the issue of whether to extend Bivens to cases where IRS employees are alleged to have improperly collected taxes. Wages, 915 F.2d at 1235. The Ninth Circuit concluded that it has "never recognized a constitutional violation arising from the collection of taxes." Id. Remedies that Congress provides allow a taxpayer to sue the government for improperly collected taxes. Id. Those legislative remedies foreclose a damage action under Bivens. Id.; see, e.g., Del Elmer v. Metzger, 967 F. Supp. 398, 402 (S.D. Cal. 1997); Krieg v. Mills, 117 F. Supp. 2d 964, 969 (N.D. Cal. 2000).

11

"When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S. Ct. 2460, 2468, 101 L. Ed. 2d 370 (1988).  The Internal Revenue Code includes statutory provisions that set forth "the exclusive remedy for recovering damages" for misconduct by an officer or employee of the IRS in connection with the collection of federal taxes.  26 U.S.C. § 7433; Wages, 915 F.2d at 1235; see also Fishburn v. Brown, 125 F.3d 979, 983 (6th Cir. 1997) (holding that section 1743 is the exclusive remedy against IRS officers or employees for improper collection of taxes).  Such a suit under Section 7433 may only be brought against the United States, not against IRS employees in their individual capacities. People ex rel. Ervin, 170 F. Supp. 2d 1040, 1046 (E.D. Cal. 2001) ("Section 7433(a) specifically provides that such an action is brought against the United States.")

Plaintiff's claims arise solely from allegedly improper collection of taxes, specifically the preparation of his return under Section 6020 and a later appeal upholding that ruling. Thus 26 U.S.C. section 7433 relief against the United States is the exclusive remedy Plaintiff may seek.  However, Plaintiff concedes that he "did not and could not have sued the 'United States.'"  Pl.'s Reply in Supp. of Mot. for Default 2:20-22.

12

### 3. Leave to Amend

A court may dismiss a complaint without leave to amend where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff has conceded the futility of stating claims against the United States and against Defendants in their official capacities. Furthermore, regardless of what facts Plaintiff alleges, he cannot state an individual-capacity claim against an IRS official for constitutional violations. <u>See Wages</u>, 915 F.2d at 1235. The Court finds that any attempt of Plaintiff to amend the Complaint will be futile. Therefore, leave to amend the Complaint is DENIED.

**ACCORDINGLY:**

1. Plaintiff's Motion for Default Judgment is DENIED.
2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.
3. The Clerk of the Court shall enter judgment for the Defendants.

IT IS SO ORDERED.

**Dated: February 28, 2006**         /s/ Robert E. Coyle
810ha4                               UNITED STATES DISTRICT JUDGE

13